UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

German del Real Delgado,

Petitioner

v.

Todd Blanche, et al.,

Respondents

Case No. 2:26-cv-02680-CDS-EJY

**Order Granting Petitioner's Motion to Dismiss and Denying as Moot Respondents' Motions**

[ECF Nos. 6, 9, 10, 12, 14]

Counsel for German del Real Delgado moves to dismiss his amended petition for writ of habeas corpus. Mot., ECF No. 14. Counsel asserts that they have confirmed that the petitioner is no longer in custody because he was granted habeas relief in a separate case, *Delgado v. Mattos*, Case No. 2:26-cv-02573-RFB-NJK, and was released from immigration custody on October 16, 2026. *Id.* As a result, Delgado's petition is moot.

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); see also 28 U.S.C. § 2241(c)(3) (providing that the writ of habeas corpus extends to prisoners in custody in violation of the Constitution or federal law).

Here, when Delgado filed his amended petition, he was in immigration custody in this district and challenging the legality of his detention. ECF No. 9. At the same time, Delgado had previously filed a counseled petition for writ of habeas corpus raising similar claims in a separate case. It appears that Delgado was granted habeas relief and released from custody in that case. ECF No. 14; *see also* ECF No. 12 in *Delgado v. Mattos*, 2:26-cv-02573-RFB-NJK. Not only is this case duplicative, but because Delgado has been released from custody, the court "can no longer provide him the primary relief sought in his habeas corpus petition," rendering his petition

moot. *See Munoz v. Rowland*, 104 F.3d 1096, 1097–98 (9th Cir. 1997); *see also, e.g.*, *Singh v. Bowen*, 2025 WL 3679185, at *1 (C.D. Cal Dec. 18, 2025) (dismissing as moot petition where petitioner was released from immigration custody). Indeed, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486 (1969).

## Conclusion

IT IS HEREBY ORDERED that Delgado's motion to dismiss his petition **[ECF No. 14] is granted**. Therefore, Delgado's amended petition **[ECF No. 9] is dismissed without prejudice** and the application to proceed *in forma pauperis* **[ECF No. 10] is denied as moot**.

IT IS FURTHER ORDERED that the respondents' motions to dismiss **[ECF Nos. 6, 12] are denied as moot**.

The Clerk of the Court is kindly directed to close this case.

Dated: October 28, 2026

Cristina D. Silva
United States District Judge